## COMMONWEALTH *versus* JONATHAN BEALE Junior.

Upon an indictment for pound-breach the illegality of the distress cannot be shown in the defence.

The penalties of *St.* 1788, *c.* 65, § 6, for pound-breach or otherwise delivering creatures from a pound, are extended to cases of creatures impounded for going at large contrary to *St.* 1799, *c.* 61.

THIS was an indictment upon *St.* 1788, *c.* 65, § 6, for pound-breach.

At the trial, before *Putnam* J., it was proved, that eight cows were discovered by Bayley, the tenant of a farm owned by the town of Quincy, doing damage thereon. He sent for Crane, a field-driver and keeper of the town pound. Bayley confined the cattle in a corner of his field until Crane came near, and then turned them into the highway and left them there, and told Crane to take care of them. Crane then took them as neat cattle going at large in the highway, and impounded them.

It was admitted that the inhabitants of Quincy by vote, pursuant to *St.* 1799, *c.* 61, ordered and directed that neat cattle should not go at large at the time when these were taken and impounded.

It was found by the jury, that the defendant broke open the gate of the pound with violence and drove the cows out of the pound.

---

[1] See Ram on Wills, 145, *et seq.*; 2 Stark. Ev. (5th Amer. ed.) 927, 928.

The defendant contended, that upon the facts proved, the cows could not be considered as at large, but as having been originally taken by Bayley damage-feasant, and not liable to be taken by Crane as being at large in the highway without a keeper. With a view to obtain the opinion of the whole Court, the objection was overruled, and a verdict was found for the commonwealth.

After verdict the defendant moved in arrest of judgment, that the *St.* 1788, *c.* 65, contained no prohibition against the going at large of neat cattle in the highway.

*Cushing,* for the defendant. The cattle were not at large within the meaning of the statute. Being at large implies permission on the part of the owner. The statute was not intended to apply, where creatures get into the highway by accident or are put there maliciously by a stranger. Bayley might have impounded the cattle himself as damage-feasant, or have brought his action for damages, but he could not punish the defendant by causing him to transgress a penal statute, and subjecting him to actions of trespass at the suit of the abuttors on the road for an injury to the herbage there growing. The facts in the case warrant the inference, that the field-driver knew the cattle had been turned into the highway by Bayley.

The statute of 1788 does not restrain neat cattle from going at large, and the sixth section applies only to a pound-breach for the purpose of delivering creatures taken up and impounded pursuant to the second section. The *St.* 1799, *c.* 61, provides that any town may order and direct that neat cattle shall not go at large, under a penalty of twenty-five cents for each beast ; which penalty may be recovered by any inhabitant of the town "by impounding such beast, and proceeding therewith as is provided in cases of cattle found damage-feasant." This clause giving the like proceedings to recover the penalty as are provided by the statute of 1788, cannot draw after it all the other consequences of that statute. In *Berry* v *Ripley,* 1 Mass. R. 147, where it was contended, that neat cattle being at large contrary to the statute of 1799 were by necessary implication brought within the intent and meaning of the sixth section of the statute of 1788 as it re-

Common-<br>wealth<br>*v.*<br>Beale.

*Oct.* 31*st.*

51G

spects rescue, the Court said the case was too plain to argue that it was impossible to extend a penal statute by implication, in the manner contended for. By *St.* 1817, *c.* 143, a penalty is provided for rescuing cattle taken up under the statute of 1799 ; which shows that the legislature did not consider cases under that statute to be affected by the penalties of the statute of 1788.

The defendant has a right to show, in defence to this indictment, that the creatures were not lawfully impounded. *Melody* v. *Reab*, 4 Mass. R. 472.

*Metcalf*, for the commonwealth. The sixth section of the statute of 1788 provides against *rescuing* "any creatures *taken up as aforesaid*," that is, swine unyoked or unringed, horses unfettered, sheep not under care of a shepherd, or going at large on the common or highways between April 15th and November 1st, mentioned in the *second* section, — and also swine, sheep, horses, and *neat cattle* damage-feasant in tillage, &c., inclosed with a legal and sufficient fence, men tioned in the *third* section. But as to pound-breach, the same section (sixth) makes punishable by indictment the delivery of "any of *the creatures aforesaid, impounded*, from the pound or place where they may be restrained." The legisla ture, by this statute, provided against *rescue*, only in the specific cases mentioned in the second and third sections, but intended to punish *pound-breach* and delivery of any of the creatures before mentioned, for whatever cause they might by law be impounded. This statute is a revision of the provincial statute, in which this distinction is rather more clearly marked, (Anc. Chart. &c. 310,) and both are to be construed together. When therefore the statutes of 1799, *c.* 61, and 1804, *c.* 44, authorized the impounding of cattle going at large in the highway, and directed field-drivers to carry the law into effect, the delivery, by pound-breach, of cattle restrained for that cause, became punishable by indictment under the statute of 1788.

But if the indictment cannot be sustained on that statute, the conclusion *contra formam &c.* may be rejected, and the defendant punished for the offence by the common law, (*Commonwealth* v. *Hoxey*, 16 Mass. R. 385,) and the Court

re not limited to the statute fine of five pounds. Pound-breach is indictable at common law as an injury and insult to public justice ; Mirror, 101 ; 2 Hawk. P. C. c. 10, § 56 ; Anon. 3 Salk. 187 ; 2 Chit. Crim. Law, 204, *et seq.* ; 1 Russell on Crimes, 523 ; and has always been punishable *criminaliter* in Massachusetts. Anc. Chart. &c. 176, 310 ; *St.* 1788, *c.* 65. So, rescuing goods distrained for rent is indictable at common law. 2 Stark. Crim. Pl. (2d ed.) 644 ; Davis's Justice, 595 ; [*Commonwealth* v. *Israel*, 4 Leigh, 675.]

In an action for pound-breach the illegality of the distress cannot be shown in the defence. *Cotsworth* v. *Betison*, 1 Ld. Raym. 104 ; *S. C.* 1 Salk. 247 ; *Melody* v. *Reab*, 4 Mass. R. 471. *A fortiori*, in case of an indictment ; and hence the defendant's objection that the cows were not rightfully taken up for being at large, is immaterial. The only way in which that point could have availed, if rightly taken, would have been in an action of replevin against the field-driver.

*Cushing*, in reply. Sufficient provision is made for pound-breach by *St.* 1788, *c.* 65, and *St.* 1785, *c.* 28. It is therefore unnecessary to resort to the common law, and the Court will not consider the statutes cumulative.

*Per Curiam.* The first objection is, that Bayley, having taken the creatures damage-feasant, should have impounded them himself, instead of turning them into the road and sending for a field-driver ; and that they were not going at large, except through the fault of Bayley.[1] It does not appear that the field-driver knew that Bayley had put them into the road, though he was near at the time. We must take the case as we find it.

The greatest reliance however has been placed on the point, that the facts do not bring the case within the statute, so as to make the defendant liable.

It is objected that the statute of 1788 does not apply to neat cattle going at large, and that it is not extended by the statute of 1799. We know of no statute more obscure than

Common-wealth
*v.*
Beale

*Nov. 2d.*

518

---

[1] He who finds the horse of another wrongfully in his field, has a right to turn the beast into the highway. *Cory* v. *Little,* 6 N. Hamp. 213.

these relating to impounding. It appears certain, however, that the pound-breach in question is to be considered as an offence, for it was a violation of the peace. A party is not to judge for himself whether the imprisonment of his cattle is right or wrong. He is not allowed to commit this violence, and then say there was a flaw in the proceedings of the officer in impounding his cattle. The statute gives him a different remedy. Without going into the question of the legality of the impounding, though it being by an officer the presumption is that it was lawful, we think the defendant had no more right to break the pound, than he would have to let a person out of jail because he was supposed to be unlawfully imprisoned But we think the statutes of 1788 and 1799 are to be considered as one act. By the first, certain creatures found going at large or damage-feasant may be taken up and impounded, and by the second, any town is empowered to order that neat cattle shall not go at large under a penalty, for the recovery of which the same proceedings are to be had as are provided in the case of cattle found damage-feasant. There is an express reference from one statute to the other. As to the words " creatures aforesaid," in the clause respecting pound-breach in the 6th section of *St.* 1788, they mean such creatures as are named in the previous sections.[1]

---

[1] See Revised Stat. *c* 113, § 16.